IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-20060 |
| ) | |
| RANDOLPH HADLEY, ) | |
| Defendant. ) | |

### DEFENDANT RODNEY HADLEY'S MOTION IN LIMINE

COMES NOW, the defendant Rodney Hadley, by and through his attorney of record Michael C. Duma, of Duma Law Offices and moves this Court in limine to make orders related to the introduction of evidence at trial. In support of his motion, the respondent submits the following:

Response to Government's 404 (b) Motion

The government has filed a motion seeking to admit evidence of prior crimes and bad acts under the theory that these crimes were intended to create a "climate of fear" in order to perpetuate forced labor in this case. Alternatively, the government seeks to admit these items pursuant to rule 404(b) to demonstrate the defendants' motive, intent, preparation, and plan to commit forced labor through a "climate of fear."

Specific to defendant Randolph Hadley, the government seeks primarily to admit evidence that Mr. Hadley instilled physical punishments upon members for non-compliance with UNOI rules wholly unrelated to labor or

employment. There are cases cited by the government to support the idea that instances of violence not immediately related to labor can contribute to a "climate of fear." *See Government's Motion (DOC 233) Section II.A.1. "Scheme Plan, or Pattern"* (citing *United States v. Marcus*, 487 F. Supp. 2d 289, 310 (E.D.N.Y. 2007); *United States v. Aman*, No. 3:19-cr-00085, 2022 U.S. Dist. LEXIS 146651 (E.D. Va. Aug. 16, 2022); *United States v. Callahan*, 801 F.3d 606; *United States v. Wilkins*, 538 F. Supp. 49, 72 (D.D.C. 2009); *States v. Farrell*, 563 F.3d 364, 373 (8th Cir. 2009); *United States* v. *Udeozor*, 515 F.3d 260 (4th Cir. 2008). These cases are different than Mr. Hadley's case.

In the cases cited by the government, the "prior bad acts" sought to be admitted were either tangentially related to forced labor or sex trafficking, or were coupled with additional similar violent acts conditioned on forced labor or sex trafficking. *See Marcus* at 311 (punishing the victim for being dissatisfied with her work); *Amon* at *4 (punishing the victim "if [she] didn't do a chore right."); *Callahan* at 614 (punishing the victim by various means to keep her continuing to provide work). In many of those cases, the "forced labor" or "sex trafficking" was often the sole basis of the relationship between the defendant(s) and the victims. At the very least, the person who committed the violence in those cases was the same person who sought out and benefitted from the trafficking or forced labor. None of the defendants in those cases were

not part of a large, multifaceted organization of which the labor (or "duty") was only a small part. Thus was the case with Mr. Hadley.

In Mr. Hadley's case, the "prior bad acts" he allegedly committed were wholly unrelated to the performance or nonperformance of labor. The "paddling" by Mr. Hadley resulted from his duties in correcting classroom misbehavior as a principal of the school. The other two alleged instances of violence outside the classroom (Mr. Hadley allegedly "blindsiding" JA and Mr. Hadley being observed by MV3 punching a "senior citizen") were likewise unrelated to labor. Indeed, the government does not point to a single instance where Mr. Hadley punished someone, physically or otherwise, for the performance or nonperformance of labor. Mr. Hadley, unlike the defendants in the cases cited by the government, did not benefit financially from any forced labor, did not hold a position supervising labor, and NEVER punished anyone for a failure to perform labor. Under these circumstances, it is unreasonable to suggest that Mr. Hadley's prior batteries are probative in demonstrating his intent to create a "climate of fear" for the purpose of perpetuating forced labor. With such little probative value, these "prior bad acts" are greatly outweighed by the negative and unfair prejudice that they will create in the mind of the jury.  Accordingly, this court should exercise its discretion to deny the evidence pursuant to balancing test set forth in Rule 403.

Joining of Co-defendant's Motions in Limine

Mr. Hadley moves to join his co-defendant James Staton's Motion in Limine (DOC 238) and his co-defendant Kaaba Majeed's Motion in Limine (247). The reasoning and arguments set forth in these motions are equally applicable to Mr. Hadley and he therefore requests an order to join.

Mr. Hadley reserves the right to join any additional motions that are filed by his co-defendants.

Respectfully Submitted,

/s/ Michael C. Duma
Michael Duma #24959
Duma Law Offices, LLC
303 E. Poplar St.
Olathe, KS 66061
(913) 782-7072
Fax: (913) 782-1383
michael@dumalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all other counsel of record.

/s/ Michael C. Duma
Michael Duma #24959