UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KAABA MAJEED,<br>YUNUS RASSOUL,<br>　a.k.a. YUNUS RASSOULL,<br>JAMES STATON,<br>　a.k.a. ADAM WINTHROP,<br>RANDOLPH RODNEY HADLEY,<br>DANIEL AUBREY JENKINS,<br>DANA PEACH,<br>　　　　　　　　Defendants. | Case No. 21-20060-JAR |

**GOVERNMENT'S POST-HEARING BRIEFING**

The United States submits the following post-hearing briefing following the *James* hearing held on July 22, 2024.

**Background**

On March 15, 2023, defendant Rassoul filed a motion to Identify and Determine Admissibility of Co-conspirator Statements at Pre-Trial James Hearing, which the other defendants joined. (Docs. 156, 164, 168-169, 170-173). The government did not oppose the motion for a hearing, but asked that it be held closer to trial. (Doc. 184 at 6). The government made clear its intention to determine "identifiable categories of statements that the government intends to admit as co-conspirator declarations." (*Id.*). At the motions hearing on June 26, 2023, the parties and the Court further discussed the identification of categories of statements. (Doc. 211 at 167-71).

1

On January 19, 2024, the government filed a detailed memorandum and proffer outlining the law on the admissibility of co-conspirator declarations and factual details regarding the charged conspiracy, the defendants' and various co-conspirators' roles in it, and ten non-exhaustive categories of co-conspirator statements that would be in furtherance of the conspiracy. (Doc. 249). The government also specifically identified emails (that were not in the government's possession prior to the motions hearing on June 26, 2023) that would fall in one or more of the ten categories identified and provided copies to the defendants and the Court. (*Id.* at 16). The parties and the Court discussed the government's proffer and memorandum, including the categories the government identified, at the motions hearing on February 2, 2024. (Doc. 322 at 97-99).

On March 7, 2024, the Court ordered that the admissibility of co-conspirator statements would be determined after a full *James* hearing on July 22, 2024. (Doc. 318 at 8). The Court also asked the parties to be prepared to address the issue of withdrawal and propose limiting instructions. (*Id.* at 7).

Pursuant to the Court's order, on July 1, 2024, the government supplemented the list of co-conspirators. (Doc. 325). On July 11, 2024, the government filed its proposed jury instructions, which included an instruction on withdrawal. (Doc. 338 at 5 ("If you find that a defendant proved that he withdrew from the conspiracy by a preponderance of the evidence, then you must not consider as evidence against him, any statements made by alleged co-conspirators after the date of withdrawal.") On July 15, 2024, the government filed a trial brief that addressed withdrawal in detail (doc. 346 at 1-13) and how that issue should be addressed in the context of co-conspirator statements (*Id.* at 19-20). Finally, on July 18, 2024, the government filed its amended exhibit list,

which removed certain emails, effectively narrowing the number of emails the government contends are admissible as co-conspirator statements. (Doc. 358).[1]

The Court held a *James* hearing on July 22, 2024 and heard testimony from a case agent regarding the conspiracy and its members.

## **Argument**

The government rests on its prior filings, including its pre-hearing proffer and memorandum (doc. 249) and the testimony at the hearing and contends that it establishes by a preponderance of the evidence that (1) the charged conspiracy existed; (2) each defendant and the identified co-conspirators were members of the conspiracy; and (3) certain categories of statements were necessarily made during the course of and in furtherance of the conspiracy, such that any statements falling within those categories are admissible as co-conspirator statements pursuant to Rule 801(d)(2)(E).

None of the defendants have objected to the categories of statements the government has identified or argued they would not be in furtherance of the conspiracy. Nor has any defendant raised a specific objection to any of the emails the government identified as co-conspirator statements in January 2024. Instead, Defendant Aubrey Jenkins raises two arguments in his post-hearing brief that are addressed in turn.

---

[1] The following emails were previously identified and are still on the government's exhibit list: 413, 415, 419, 422-424, 426-427, 430, 432, 444, 446, 451-452, 459-463, 465-468, 471-472, 474-477, 479, 485, 487, 493, 498, 400-6 to 400-7, 400-16 to 400-17, 400-21, 400-26, 400-39 to 400-42, 400-52, 400-59, 400-62 to 400-70, 400-72 to 400-75 400-77 to 400-81, 400-84 to 400-85, 400-88 to 400-89, 400-91, 400-93 to 400-99, 400-102, 400-104 to 400-106, 400-108, 400-110 to 400-111, 400-113, 400-115 to 400-117, 400-128, 400-131 to 400-135, 400-137, 400-139 to 400-142, 400-152 to 400-154, 400-158 to 400-159, 400-162 to 400-164, 400-168, 400-171 to 400-172, 400-174 to 400-176, 400-179 to 400-184, 501, 503 to 505, 507, 510 to 511, 513 to 514, 517 to 518, 521 to 522, 525 to 526, 528, 531 to 532, 534, 536 to 542, 544 to 553, 555 to 559, 561 to 570, 575 to 587, 590 to 591, 593-595, 597, 599, and 500-4 to 500-7.

During trial preparation, the government identified the following additional emails that it submits are admissible as co-conspirator statements in furtherance of the conspiracy: 403, 408 to 409, 414, 469, 473, 400-14, 400-20, 400-28, 400-34, 400-71, 400-83, 400-86, 400-185, 400-187 to 400-192, 533, 570, 575, 588, 500-2 to 500-3, 500-9 to 500-10, 500-13.

3

First, he contends that he was "ejected" from UNOI in April 2008 and argues that this means no co-conspirator statements after that date are admissible against him. (Doc. 389 at 6-7). It is, however, black letter law that a conspiracy is an ongoing criminal activity for which a participant remains culpable until the conspiracy ends or the participant withdraws. *See, e.g.*, *Smith v. United States*, 568 U.S. 106, (2013) ("Since conspiracy is a continuing offense, a defendant who has joined a conspiracy continues to violate the law through every moment of the conspiracy's existence and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot." (internal citation and quotations omitted)); *United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992) (stating that defendant's argument that he did not continue to participate in the conspiracy after a certain date was "based upon a flawed legal assumption," because "[d]uring the existence of a conspiracy, each member of the conspiracy is legally responsible for the crimes of fellow conspirators"). "Withdrawal achieves more modest ends than exoneration," and "presupposes that the defendant committed the offense." *Smith* 568 U.S. at 111. Although a defendant is still guilty of conspiracy, "withdrawal terminates the defendant's liability for post withdrawal acts of his co-conspirators." *Id.*

Accordingly, if defendant Jenkins did not withdrawal from the conspiracy (he does not contend it ended in 2008 or any other specific time), he is liable for the acts and statements of his co-conspirators in furtherance of the conspiracy.[2] Whether he withdrew from the conspiracy is a factual question for the jury, for which he carries the burden to demonstrate that he took affirmative steps to communicate his withdrawal in a manner that defeats the purpose of the conspiracy. *See United States v. Thornburgh*, 645 F.3d 1197, 1205 (10th Cir. 2011) ("[T]he defense of termination

---

[2] The government does not agree that the statements by Royall Jenkins are admissible at trial nor does it agree with defendant Jenkins' view of the factual and legal significance of them. However, even if the hearsay statements made by Royall Jenkins are admitted, the jury will determine what weight to give the statements.

by withdrawal requires that the defendant show that he or she has done 'some act to disavow or defeat the purpose' of the conspiracy." (quoting *United States v. Gonzalez*, 596 F.3d 1228, 1234 (10th Cir. 2010)); *id.* ("Communicating one's withdrawal from a conspiracy is not overly difficult: it can be accomplished by affirmative actions "inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators." (quoting *United States v. United States Gypsum Co.*, 438 U.S. 422, 464-65 (1978))).  It is premature to know whether defendant Jenkins will present sufficient evidence entitling him to a jury instruction on withdrawal. That will depend on the evidence presented during trial.  If he presents evidence sufficient to warrant such an instruction, then the Court can instruct the jury that if it finds that he withdrew from the conspiracy it should not consider statements of co-conspirators made after the date of withdrawal.  (*See* Doc. 338 at 5; Doc. 346 at 19-20).

Second, defendant Jenkins suggests that the government must catalogue every conceivable statement that may come up during trial, during direct examination or on cross-examination, though he cites no authority for this proposition.  The government has explained from the outset that this is impractical given the nature of the case, the number of witnesses, and the period of time at issue, and no defendant has disagreed to this point.

And to be clear, at this stage of the proceedings, the government is not asking the Court to make a pre-trial finding of admissibility as to any specific statement or the specific emails the government has identified.  Instead, the government respectfully submits that the Court should make the predicate findings that (1) a conspiracy existed, (2) the defendants were members of the conspiracy, (3) other identified co-conspirators were members, and (4) the categories of statements identified by the government would be in furtherance of the conspiracy.  This both addresses the concern with admitting statements before the existence of a conspiracy is established, *see United*

5

*States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) (stating that the point of a *James* hearing is to establish the existence of a conspiracy outside the presence of the jury), and significantly limits the matters that need to be addressed at trial.  It will allow the parties to consider their positions with the benefit of the Court's preliminary findings—the only issue will be whether a specific statement falls into one or more of the identified categories or is otherwise in furtherance of the conspiracy.  Further, many statements and emails are likely to have independent bases for admission, including statements not offered for their truth or statements constituting verbal action, that make contemporaneous objections a more efficient and practical approach.

## Conclusion

The government respectfully requests that the Court find that the conspiracy alleged in Count 1 of the Indictment existed, that each defendant and the identified co-conspirators were members of it, and that certain categories of statements would be in furtherance of the conspiracy.

Respectfully submitted,

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: */s/ Ryan J. Huschka*
Ryan J. Huschka
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS 66101
Ph. 913-551-6730
Fax 913-551-6754
Ryan.Huschka@usdoj.gov
KS Bar No. 23840

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

By: */s/ Kate A. Alexander*
Kate A. Alexander
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Ph: (202) 353-3539
Email: Kate.Alexander@usdoj.gov
FL Bar No. 27393

By: */s/ Maryam Zhuravitsky*
Maryam Zhuravitsky
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Email: Maryam.Zhuravitsky@usdoj.gov
MD Bar No. 1312190348

By: */s/ Francisco Zornosa*
Francisco Zornosa
Trial Attorney
USDOJ Civil Rights Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Phone:  202-616-4588
Email:  Francisco.Zornosa@usdoj.gov
NY Bar No. 5477245

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2024, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

                                                    */s/ Ryan J. Huschka*
                                                    Ryan J. Huschka
                                                    Assistant United States Attorney
                                                    United States Attorney's Office for the
                                                    District of Kansas