IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>    v.<br><br>**KAABA MAJEED,**<br>**YUNUS RASSOUL, a.k.a. Yunus Rassoull,**<br>**JAMES STATON, a.k.a. ADAM WINTHROP,**<br>**RANDOLPH RODNEY HADLEY,**<br>**DANIEL AUBREY JENKINS,**<br>**DANA PEACH,**<br>**ETENIA KINARD, and**<br>**JACELYN GREENWELL**<br><br>    **Defendants.** | Case No. 21-20060-JAR |

## MEMORANDUM AND ORDER

The Indictment in this case charged all eight Defendants with conspiracy to commit forced labor in violation of 18 U.S.C. §§ 371 and 1589 in Count 1. Counts 2 through 8 charged substantive forced labor violations under 18 U.S.C. §§ 1589, 1594(a), and 2. Each substantive forced labor count was tied to a different victim and was alleged against different Defendants or subgroups of Defendants. The Government dismissed Count 5 before trial. Two Defendants—Etenia Kinard and Jacelyn Greenwell—pled guilty to Count 1. Six Defendants proceeded to trial: Defendants Kaaba Majeed, Yunus Rassoull, Adam Winthrop, Randolph Rodney Hadley, Daniel Aubrey Jenkins, and Dana Peach. On September 16, 2024, after deliberating for four days, the jury returned its verdict in this case against the six Defendants who proceeded to trial. The jury found Defendant Majeed guilty on count Counts 1, 2, 3, 6, 7, and 8, and not guilty on Count 4; it found Defendants Rassoul, Staton, Hadley, Jenkins, and Peach guilty on Count 1 and not guilty on all other counts charged.

The Court held sentencing hearings for these Defendants over four days beginning on August 5, 2025. The Court orally announced its sentences in open Court, but took under advisement the issue of restitution in order to review the parties' briefing and set out its findings in writing. The Court sentenced Kinard and Greenwell on September 22, 2025, again deferring the issue of restitution.[1] After reviewing the materials submitted by both parties and the Presentence Reports ("PSRs"), the Court orders the Government to supplement its restitution request as described below.

**I.      Background**

The Presentence Reports ("PSRs") for the six Defendants who went to trial were initially prepared and disclosed on April 30, 2025. This first version of the PSRs did not contain restitution figures. Objections were due on May 30, 2025.[2] On July 10, 2025, the parties received revised PSRs that contained the Government's position on restitution. The Government sought restitution for 25 different victims in the following amounts: (1) $2,616,210 for unpaid back wages, and (2) $2,616,210 for liquidated damages. The Government calculated back wages for these individuals by multiplying 40 hours per week by the prevailing federal minimum wage rates during its estimate of the time periods during which the victims worked for United Nation of Islam ("UNOI"). The Government provided a chart listing three groups of individuals, the time periods when they were estimated to have worked for UNOI without pay, the wages it estimates they would have been paid for that work, and a doubling of that number to represent liquidated damages.

---

[1] Neither Kinard nor Greenwell objected to the Government's proposed restitution calculation in the PSR, but they acknowledged in their respective sentencing memoranda that the Court had taken restitution under advisement and indicated that they would accept the Court's determination on that issue.

[2] Docs. 594, 596.

The first five names on the list are the victims identified in the substantive counts of the Indictment for which Majeed was convicted. They all testified at trial. The second group of individuals are other victims who testified at trial. The last group of individuals did not testify at trial. For these individuals, the Government asserts that they too are victims, and has provided for most of them summaries of their FBI interviews in support of the restitution requests.

The PSRs directed Defendants to provide any objections or argument regarding the restitution amounts in their sentencing memoranda, which were due eleven days later on July 21, 2025.[3] The sentencing hearing for these Defendants began on August 4, 2025, and continued for four days. The parties presented oral argument on restitution and the Government submitted evidence on the issue. The Court announced its final sentences for each Defendant, but deferred ruling on restitution in order to review the Government's evidence in support and to allow Defendants more time to submit materials and briefing in opposition to the Government's restitution request. After sentencing, Rassoull entered into a post-sentencing agreement with the Government on restitution; Rassoull and Staton submitted supplemental briefing.

## II.   Discussion

The Government seeks an order of restitution against all Defendants. Against Defendant Majeed, the Government asks for mandatory restitution under the Trafficking Victims Protection Reauthorization Act ("TVPRA") on the substantive counts of conviction. Against all Defendants convicted of conspiracy, the Government seeks a discretionary award of restitution under the Victim and Witness Protection Act ("VWPA"). Under both statutes, the Court can only award

---

[3] *See* Doc. 598.

restitution "for losses actually resulting from the offense of conviction."[4] The Government bears the burden of proving loss, and the amount of loss, by a preponderance of the evidence.[5]

The Court has reviewed the parties' submissions and the Government's exhibits, and finds that the Government has failed to meet its burden of proving the victims' loss amount with a reasonable degree of certainty on this record. While the Government is correct that that "the district court may resolve restitution uncertainties with a view towards achieving fairness to the victim," the Tenth Circuit adds the important caveat that "it still [must] make[] a reasonable determination of appropriate restitution *rooted in a calculation of actual loss*."[6] The Tenth Circuit is clear that the Court may not simply rubber stamp the Government's claim of loss if it is unsupported by the evidence.[7]

The Government's submissions present the following shortcomings: (1) they fail to distinguish the standards and calculations for lost income restitution under the TVPRA and the VWPA, including the VWPA's bodily-injury requirement; (2) they fail to explain or address causation; (3) they fail to point the Court to the underlying evidence in the record that supports each victim's restitution request (i.e., citations to the trial transcript, Bill of Particulars, or other documentary evidence); (4) they rely on time periods when the victims could not have been compensated for their work under the Fair Labor Standards Act ("FLSA") because they were child laborers;[8] (5) they seek restitution for time periods outside the charged conspiracy or that do not always match the underlying records; (6) the time periods set forth in the chart do not

---

[4] *United States v. Anthony*, 942 F.3d 955, 964 (10th Cir. 2019) (*Anthony I*).

[5] *Id.*; *United States v. Coulter*, 133 F.4th 1083, 1090 (10th Cir. 2025).

[6] *United States v. Ferdman*, 779 F.3d 1129, 1133 (10th Cir. 2015) (quoting *United States v. Gallant*, 537 F.3d 1202, 1252 (10th Cir. 2008)).

[7] *Id.*

[8] *See* 29 U.S.C. § 203(l).

appear to be stated with reasonable precision in terms of coinciding with the victims' testimony about the ages when they worked for UNOI; and (7) they fail to address the weight that the FBI 302 forms should carry, or indicia of their reliability.

When the Court is presented with an insufficient record on restitution, it can either require the Government to submit additional evidence or conduct a hearing.[9] And, under the VWPA, the Court can "determine[] that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims," and "decline to make such an order."[10] Of course, the Court can also determine that the Government did not meet its burden, irrespective of the complexity of the restitution calculation.

After much consideration, the Court has decided to require the Government to submit additional evidence and briefing on the issues of law and fact involved in this restitution request that it previously failed to address. The Government shall have two additional weeks to address the deficiencies cited above, and Defendants will be permitted to respond. These deadlines will allow the Court time to finalize a restitution order within 90 days of the trial Defendants' original sentencing hearing.[11]

The Government shall submit a brief in support of its restitution request, not to exceed 20 pages, by no later than October 10, 2025. The Government shall address the issues identified above, as well as the effect, if any, its post-sentencing agreement with Rassoull should have on any restitution ordered by the Court. Defendants may file supplemental response briefs no later

---

[9] 18 U.S.C. § 3664(d)(4).

[10] 18 U.S.C. § 3663(a)(1)(B)(ii).

[11] *See* 18 U.S.C. § 3664(d)(5).

than October 17, 2025, which shall not exceed 10 pages.  The Court will not favorably entertain requests for extension of time.

**IT IS SO ORDERED.**

Dated: September 26, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
