IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDOLPH HADLEY,<br><br>    Defendant,<br><br>    and<br><br>DELTA COMMUNITY CREDIT UNION,<br><br>    Garnishee. | Case No. 21-20060-JAR-4 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Randolph Hadley's Exemption Claim and Hearing Request (Doc. 830) regarding a Writ of Garnishment issued to Delta Community Credit Union.[1]  Defendant claims that the property identified in the writ is exempt under 18 U.S.C. § 3613(a) and asserts that it is inconsistent with this Court's November 5, 2025 Memorandum and Order on restitution.  Defendant also requests a hearing on the matter.  The Government responded,[2] and the Court is prepared to rule.  For the reasons stated below, the Court denies Defendant's objections to the writ of garnishment and denies his request for hearing.

---

[1] Doc. 819.

[2] Doc. 839.

**I.     Background**

Defendant Randolph Hadley was convicted by a jury of conspiracy to commit forced labor in violation of 18 U.S.C. §§ 371 and 1589. The Court denied his post-trial motions and sentenced him to the statutory maximum sentence of five years in custody.[3] This Court issued a 46-page Amended Memorandum and Order on November 5, 2025, addressing Defendants' many objections and arguments relating to the Government's request for a discretionary award of restitution under the Victim and Witness Protection Act ("VWPA").[4] After considering these arguments, the Court ordered as follows: "[J]oint and several restitution is ordered against Defendants Majeed, Rassoull, Hadley, Jenkins, Kinard, and Greenwell in the amount of $1,312,687 under 18 U.S.C. § 3663 . . . . Restitution is due immediately and payments shall be satisfied in accordance with the payment schedule set forth above."[5]

In accordance with this directive, the Court amended Hadley's Judgment to include restitution, which is indicated on a standard checkbox form.[6] On the Schedule of Payments portion of Hadley's form, the Court marked the box for "A," "Lump sum payment of $100,000 within 6 months of the date of the judgment," with the "balance due . . . in accordance with (may be combined with ☐ C, ☒ D, ☐ E, or ☐ F below)."[7] The Court also marked the boxes for "B," "Payment to begin immediately," and "D," "Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of 1 years, to commence 30 days

---

[3] Docs. 586, 662.

[4] Doc. 741.

[5] *Id.* at 46.

[6] Doc. 746.

[7] *Id.* at 7.

after release from imprisonment to a term of supervision."[8] The box for "F" was checked to reflect that special instructions applied because the restitution amount was joint and several with five of the co-defendants.[9] Prior to these options, the Judgment states:

> Criminal monetary penalties are due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows, but this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if the defendant is in full compliance with the payment schedule . . . .[10]

As the Court recently ruled on a motion to clarify by Hadley's Co-Defendant Etenia Kinard, the language of the Court's Memorandum and Order is clear that restitution is due immediately, with a back-up schedule of minimum payments if the balance cannot be immediately paid.[11]

The Government applied for several writs of continuing garnishment in this matter to enforce the restitution award. One was for Delta Community Credit Union, where Hadley has savings and checking accounts. The writ was issued on December 15, 2025, and Hadley was properly served with notice and instructions for claiming an exemption or objecting to the answer. Hadley is currently represented by counsel, but on December 29, 2025, he submitted pro se this exemption claim and hearing request. He checked the boxes on the form for the following exemptions: wearing apparel and school books; fuel, provisions, furniture, and personal effects that do not exceed $11,710.00 in value; and books and tools of a trade, business, or profession that do not exceed $5,860.00 in value. Hadley also checked the boxes on page two for: "The Government failed to comply with all statutory requirements for the issuance of the

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Doc. 833 at 1.

Writ of Garnishment based on the following: The government's seizure of my assets are contrary to the restitution order issued by Judge Julie A. Robinson on November 5, 2025;" and "I request a hearing on the above issue(s)."[12]

On January 13, 2026, Garnishee Delta Community Credit Union filed an Answer to the Writ of Garnishment.[13] It states that Hadley has an ownership interest in one savings and one checking account held by the credit union.

**I.    Discussion**

Defendant's pro se filing asserts that his property held by Delta Community Credit Union: (1) is exempt from taking; and (2) that garnishment against this property is inconsistent with the Court's November 5, 2025 Order. Defendant's objections and request for hearing are without merit.

Enforcement remedies for criminal restitution are found under the Federal Debt Collection Procedure Act ("FDCPA").[14] Where a criminal judgment imposes a fine, the United States may enforce the judgment in the same manner as enforcing a civil judgment.[15] All provisions available to the United States for the enforcement of a fine are also available for the enforcement of an order of restitution,[16] including seeking a writ of garnishment.[17]

Exemptions from execution against assets of a defendant are set forth in 18 U.S.C. § 3613(a), which provides that the only property exempt from garnishment is property the

---

[12] Doc. 830 at 4.

[13] Doc. 843.

[14] 28 U.S.C. § 3001, *et seq.*

[15] 18 U.S.C. § 3613(a).

[16] *See* 18 U.S.C. § 3613(f).

[17] 28 U.S.C. § 3205(a) ("A court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor.").

government cannot seize to satisfy the payment of federal income taxes, as enumerated in 26 U.S.C. § 6334(a)(1)–(8), (10), and (12).[18] This list of exemptions is exclusive.[19] A defendant objecting to the garnishment bears the burden of showing he is entitled to relief.[20]

In this case, Defendant contends that his property held at Delta Community Credit Union is exempt from garnishment under 26 U.S.C. § 6334(a)(1)–(3), which states:

> (a) . . . There shall be exempt from levy—
>
> **(1)** **Wearing apparel and school books.**—Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family;
>
> **(2)** **Fuel, provision, furniture, and personal effects.**—So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $11,710.00 in value; [and]
>
> **(3)** **Books and tools of a trade, business, or profession.**—So many of the books, and tools necessary for the trade, business, or profession of the taxpayer as do not exceed the aggregate $5,860 in value.[21]

None of these exemptions apply to Hadley's savings or checking account. As the Government notes, the writ does not seek to garnish wearing apparel, school books, fuel, provisions, furniture, personal effects, or books and tools of a trade, business, or profession. Instead, the writ seeks Defendant's interest in funds held in credit union accounts. Hadley fails

---

[18] 18 U.S.C. § 3613(a).

[19] 26 U.S.C. § 6334(c); *Drye v. United States*, 528 U.S. 49, 56 (1999).

[20] 28 U.S.C. § 3205(c)(5).

[21] 26 U.S.C. § 6334(a)(1)–(3); *see also* 26 U.S.C. § 1, note (Revenue Procedure 2024-40 § 2.50).

to identify, and the Court does not find, that the exemptions in § 6334(a)(1)–(3) apply to his checking and savings account at Delta Community Credit Union.[22]

Defendant's argument that the writ of garnishment violates the Court's November 5, 2025 Order is also without merit. First, Hadley makes no attempt to explain how the writ violates the Court's Order. Thus, he fails to meet his burden of demonstrating that he is entitled to relief. Second, to the extent he argues that the payment plan referenced in the Court's November 5, 2025 Order excuses him from garnishment, he is incorrect. "[A] court-ordered payment plan does not preclude the government from pursuing other avenues to collect the restitution."[23] If there was any doubt in this case, the Court confirmed in its January 7, 2026 Order that restitution is due immediately, with a back-up schedule of minimum payments if the balance cannot be immediately paid. Thus, Defendant's objections to the writ of garnishment are denied.

Finally, the right to a hearing as set forth in the Instructions to Debtor,[24] is found at 28 U.S.C. § 3202(d), which imposes significant limitations on the issues a court will consider at such a hearing, specifically: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) to certain situations where the judgment was entered by default.[25] "Courts routinely deny a request for 'hearing where the debtor did not object based on

---

[22] *See, e.g.*, *United States v. Holcomb*, No. 08-20003-JWL, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) (finding that inheritance that is "entirely monetary . . . is not exempt from garnishment under § 6334(a)(1–3)); *United States v. Daniel*, No. 07-50082-DT, 2007 WL 2178324, at *2 (E.D. Mich. July 27, 2008) (finding that writs directed to bank would be monetary in nature and would not affect the defendant's ownership rights in the property listed in § 6334(a)(2)).

[23] *Holcomb*, 2012 WL 5306257, at *3 (quoting *United States v. Cooper*, No. 02-40069-SAC, 2006 WL 3512936, at *3 (D. Kan. Nov. 1, 2006)).

[24] Doc. 819-1.

[25] 28 U.S.C. § 3202(d).

one of the issues specified in [section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation.'"[26]

Defendant does not possess a right to a hearing under § 3202(d). As already explained, his exemption claims are not valid, he has not raised any issue regarding statutory requirements for issuance of the garnishment, and judgment was not entered against him by default. Thus, Defendant's request for a hearing is denied.[27]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Randolph Hadley's Exemption Claim and Hearing Request (Doc. 830) is **denied**.

**IT IS SO ORDERED.**

Dated: January 27, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[26] *United States v. Greene*, No. 15CR133-1, 2016 WL 3526054, at *4 (M.D.N.C. June 3, 2016) (alteration in original) (quoting *United States v. Page*, No. 13CV119, 2013 WL 2945070, at *4 (N.D. W. Va. June 14, 2013)).

[27] *See id.* at *5 (collecting cases).

7